John Grey Andrews appeals from a judgment entered by the trial court in an action filed against him by Stacy Williams Andrews; he raises an issue as to only one aspect of that judgment. We affirm.
John and Stacy were married in 1997. In 2000, pursuant to the Alabama Limited Liability Company Act, § 10-12-1 et seq., Ala. Code 1975, they formed J S Acquisitions, L.L.C., by filing its articles of organization with the probate judge of Shelby County. Pursuant to the operating agreement of J S, John and Stacy each owned a 50 percent interest in the company.
In 2003, John and Stacy were divorced. The judgment of divorce left intact their equal ownership of J S.
On June 24, 2003, Stacy filed the subject action in the Jefferson Circuit Court. Her *Page 899 
only claim relevant to this appeal was asserted in count six of the complaint, in which she sought the dissolution of J S. In responding to Stacy's complaint, John argued that the filing of the claim for dissolution had caused Stacy to cease to be a member of the company, pursuant to § 10-12-36(b)(1)d. Therefore, John contended, he was entitled to purchase Stacy's interest in J S, pursuant to § 10-12-30.
On July 14, 2003, Stacy withdrew her claim for the dissolution of J S, and the trial court dismissed that claim. Also, on that same date, the trial court refused to enforce John's alleged right to purchase Stacy's interest in J S. Ultimately, in its final judgment, the trial court held that Stacy remained a member of J S, and that, therefore, John had no right to compel Stacy to accept his offer to purchase her interest in the company. From that judgment, John appealed.
Section 10-12-36 delineates numerous events, the occurrence of any one of which causes a person to cease to be a member of a limited liability company. Subject to exceptions not here applicable, "a person ceases to be a member [of a limited liability company] upon the occurrence of . . . [t]he member['s] . . . [f]il[ing] a petition . . . seeking for the member any . . . dissolution . . . under any statute, law, or regulation." § 10-12-36(b)(1)d. "Upon a member's cessation of membership . . . [t]he member's governance rights terminate." § 10-12-36(e)(1). However, neither the limited liability company nor any remaining member is obligated to purchase the interest of the former member "[u]nless the articles of organization or the operating agreement of [the] limited liability company or a private agreement provide[s] for the purchase of the interest of a former member whose membership has ceased. . . ." § 10-12-30.
In count six of her complaint, Stacy alleged, in pertinent part:
 "29. Pursuant to Ala. Code [1975,] § 10-12-38, [Stacy] alleges that [J S] cannot reasonably continue to carry on its business in conformance with its articles and operating agreement.
 "30. Pursuant to Alabama law, [Stacy] seeks a Court Order dissolving [J S], a full and complete accounting of the business affairs, adjudication of the rights of the parties relative to the liabilities and assets of [J S] and such other, further and different relief as to which [Stacy] may otherwise be entitled."
(Emphasis added.) As previously mentioned, only 20 days after Stacy filed her complaint, the trial court dismissed count six.
John's position is stated clearly in his initial brief to this Court. First, citing § 10-12-36, he argues that "[t]he mere filing of a request for dissolution immediately caused [Stacy] to cease to be a member of J S and prevents her further involvement in its management." (Emphasis in original.) Then, regarding the subsequent dismissal of Stacy's request for dissolution, John states:
 "The trial court's decision to permit [Stacy] to withdraw her request for dissolution and avoid the consequences of the filing of the petition was incorrect. Withdrawal of a request for dissolution, under Alabama law, does not change the consequences of the initial demand. Because Alabama law is clear that [Stacy] ceased to be a member of J S the moment that she filed her complaint seeking dissolution of J S, the trial court was wrong to permit her to remain involved in its day-to-day operations."
(Emphasis in original; footnote omitted.) While at first blush John's arguments seem compelling, they fail to take into *Page 900 
account a critical fact, namely, that the Jefferson Circuit Court had no subject-matter jurisdiction over Stacy's claim seeking the dissolution of J S.
Stacy purported to seek the dissolution of J S pursuant to §10-12-38. However, in providing for judicial dissolution, that section states:
 "On application by or for a member, the circuit court for the county in which the articles of organization are filed may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement."
(Emphasis added.) It is undisputed that the articles of organization for J S were filed in Shelby County, not Jefferson County. Therefore, only the Shelby Circuit Court has subject-matter jurisdiction over the judicial dissolution of J 
S. Thus, because the Jefferson Circuit Court had no subject-matter jurisdiction over that issue, it had no alternative but to dismiss Stacy's claim seeking dissolution of J S. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025,1029 (Ala. 1999). Indeed, it could take no other action.Id.[1]
Having failed to invoke the subject-matter jurisdiction of the trial court in purporting to seek the dissolution of J S pursuant to § 10-12-38, Stacy did not, in fact, seek reliefunder that statute. Therefore, the filing of count six was not an event that caused the cessation of her membership in J S. Thus, the trial court did not err in holding that Stacy remained a member of J S and that, therefore, John had no right to compel her to accept his offer to purchase her interest in the limited liability company. For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NABERS, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., concur.
[1] John argues that "§ 10-12-36 protects a limited liability company when the acts of one of its members would otherwise cause its dissolution." John's reply brief, at 2. However, without subject-matter jurisdiction, the Jefferson Circuit Court could not order the dissolution of J S.